**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LIEUTENANT SHARON ROBINSON, DIRECTOR WINONA HANNAH, SERGEANT MARCELLA SAWYER, TELECOMMUNICATIONS CARLA KIMBER, SERGEANT VERONICA HARRIS and OFFICER LAWANDA BURRAS, | ) | Case No. 19-cv-00395 |
| Plaintiffs, | ) | Honorable Sharon Johnson Coleman |
| v. | ) | |
| CHICAGO STATE UNIVERSITY, CAPTAIN JAMES MADDOX, individually and in his official capacity, LIEUTENANT CHARLES STEWARD, individually and in his official capacity, | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SUR-REPLY**

Defendants Chicago State University, Captain James Maddox, and Lieutenant Charles Steward[1] (collectively "Defendants"), by and through their attorneys Husch Blackwell LLP, respectfully submit the following Motion to Strike Plaintiffs' Sur-Reply in response to Plaintiffs' Motion for Leave to File a Sur-Reply in Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Motion for Leave to File a Sur-Reply")[2] (Dkt. 30). Defendants respectfully request that this Court deny Plaintiffs' Motion for Leave to File a Sur-Reply and, accordingly, strike Plaintiffs' Sur-Reply to Defendants' Motion to Dismiss ("Plaintiffs' Sur-Reply") (Dkt. 30-1), which Plaintiffs attached as an exhibit to their Motion for Leave to File a Sur-Reply. In the

[1] Defendant Steward, who is no longer employed at Chicago State University, has not been served with the summons or Complaint. This motion should not be construed as acceptance of service on behalf of Defendant Steward.
[2] Cited herein as Pls.' Mot.

alternative, Defendants request that they be granted leave to file a response to Plaintiffs' Sur-Reply.

**I. Procedural Background**

Defendants' Motion to Dismiss was filed on March 29, 2019 (Dkt. 11).[3] Plaintiffs' filed their Response in Opposition to Defendants' Motion to Dismiss on May 21, 2019 ("Plaintiffs' Response") (Dkt. 18). This Response was 20 pages long, and Plaintiffs belatedly filed a Motion for Leave to File an Oversized Brief on May 22, 2019 (Dkt. 22). Defendants' Reply in Support of Their Motion to Dismiss ("Defendants' Reply") was filed on June 10, 2019 (Dkt. 26).

Twenty-one days after Defendants filed their Reply, on July 1, 2019, Plaintiffs filed the instant Motion for Leave to File a Sur-Reply, and attached their Sur-Reply to their Motion (Dkts. 30, 30-1). Plaintiffs have noticed their Motion for presentment on July 26, 2019 (Dkt. 31), forty-six days after Defendants filed their Reply.

**II. Argument**

**A. Plaintiffs' Motion for Leave to File a Sur-Reply Should Be Denied, and Their Sur-Reply Stricken**

Sur-replies are generally disfavored. *Belcastro v. United Airlines, Inc.*, No. 17 C 1682, 2019 WL 1651709, at *14 (N.D. Ill. Apr. 17, 2019); *see also Smith v. Bray*, 681 F.3d 888, 903 (7th Cir. 2012) (explaining that sur-replies are "relatively rare" within the seven districts of the Seventh Circuit). Plaintiffs' Motion for Leave to File a Sur-Reply should be denied for the following reasons. Because Plaintiffs' Motion should be denied, their attached Sur-Reply should also be stricken.

As an initial matter, Plaintiffs appear to be seeking to delay this litigation. First, Plaintiffs belatedly requested leave to file a sur-reply 21 days after Defendants' Reply was filed. Then,

[3] Cited herein as Defs.' Mot.

adding further delay, Plaintiffs noticed their motion for presentment 25 days later. This contradicts Local Rule 5.3, which requires Plaintiffs present their motion within 14 days. *See also* Hon. Sharon Johnson Coleman Motion Practice Procedures. Plaintiffs' tactic in filing their motion three weeks after the Defendants' Reply, and noticing it to be heard three and a half weeks after that, is unduly prejudicial to Defendants and unnecessarily delays this litigation. Moreover, Plaintiffs' motion does not meet the standard set forth by Federal Rule of Civil Procedure 7(b), which requires Plaintiffs' motion to "state with ***particularity***" the grounds on which leave for a sur-reply is sought. F.R.C.P 7(b) (requiring that a motion must "state with particularity the grounds for seeking the order"). Here, Plaintiffs' Motion is anything but particular. It claims a sur-reply is warranted because Defendants' Reply included "three new arguments"— yet, it fails to identify what these alleged "new" arguments are. *See* Pls.' Mot., ¶ 3. As a result, Plaintiffs' motion has so little detail the Court cannot evaluate whether Defendants actually proffered any "new" arguments because these arguments are never identified. A motion that fails to show why a sur-reply is necessary must be denied. See *Belcastro*, 2019 WL 1651709, at *14 (denying leave to file sur-reply where motion for leave made no "showing of why the surreply was necessary to address the reply brief"). Furthermore, not only does Plaintiffs' motion fail to articulate with any detail the reason a sur-reply is warranted, but also seems to suggest by including Plaintiffs' 12-page sur-reply as an exhibit that the Court should be required to read the sur-reply itself in order to determine if leave to file the sur-reply should be granted. Relying on a sur-reply in support of a motion for leave to file a sur-reply is not appropriate and wholly defeats the purpose of the motion.

Despite the foregoing, if the Court chooses to read Plaintiffs' sur-reply in order to decide Plaintiffs' motion, it will find Plaintiffs' sur-reply is not warranted. Contrary to Plaintiffs'

unsupported allegations that "new arguments" were made by Defendants in their Reply necessitating a sur-reply, in reality, all arguments raised in Defendants' Reply either already were raised in their Motion to Dismiss or were direct responses to arguments raised by Plaintiffs for the first time in their Response. "Courts generally disfavor sur-replies but have discretion to allow them to address new arguments or evidence raised in the reply brief." *Belcastro*, 2019 WL 1651709, at *14. As such, denial of a motion to file a sur-reply is appropriate where there has been adequate opportunity to present arguments. *See Franek v. Walmart Stores, Inc.*, Nos. 08–CV–0058, 08–CV–1313, 2009 WL 674269, *19 n. 14 (N.D. Ill., March 13 2009). Plaintiffs have had such an opportunity here.

Plaintiffs state Defendants only raised four arguments in their Motion to Dismiss, that they responded to all four arguments in their Response, and Defendants then raised "three new arguments" in their Reply. *See* Pls.' Mot., ¶¶ 1, 3. This is false. Defendants raised at least seven arguments in their Motion to Dismiss: (1) Plaintiffs' constitutional claims against Chicago State University ("CSU") and Defendants Maddox and Steward in their official and individual capacities are barred by the Eleventh Amendment, including but not only because Steward is no longer employed at CSU; (2) Defendants Maddox and Steward cannot be liable for damages under Title VII; (3) Plaintiffs' Title VII gender discrimination claim should be dismissed because Plaintiffs failed to plead that (a) they were qualified for their jobs and met job expectations, (b) that, in regards to Plaintiffs Hannah and Kimber, there were similarly situated employees who were treated differently, and (c), that, particularly in regards to Plaintiffs Kimber, Harris, and Burras, they were subject to adverse employment actions; (4) Plaintiffs failed to state a retaliation claim; (5) Plaintiffs failed to state a conspiracy claim against Defendants Maddox and Steward; (6) Plaintiffs failed to state an intentional infliction of emotional distress claim; and (7)

Plaintiffs' claims had procedural deficiencies, including (1) a failure to exhaust their administrative remedies particularly to the Title VII claims and (2) untimeliness under the relevant statutes of limitations. *See* Defs.' Mot. at 2-3; *see generally* Defs.' Mot. These arguments were presented clearly in Defendants' Motion to Dismiss.

As detailed in Defendants' Reply, Plaintiffs failed to respond to and/or effectively conceded to: (1) Defendants' argument that Plaintiffs cannot receive monetary damages from Defendants Maddox and Steward in their respective personal capacities, *see* Defs.' Mot. at 4-5; Defs.' Reply at 4; (2) Defendants' argument that Plaintiffs cannot be awarded injunctive relief against Defendants Maddox and Steward in their official capacities, *see* Defs.' Mot. at 3-5, n. 2; Defs.' Reply at 5; (3) Defendants' argument that Title VII does not allow Defendants to be sued in their individual capacity, *see* Defs.' Mot. at 5-6; Defs.' Rep. at 6; and (4) Defendants' argument that, in particular, Plaintiffs' failed to allege that adverse employment actions were taken against Plaintiffs Kimber, Harris, or Burras, *see* Defs.' Mot. at 7-9; Defs.' Reply at 8. These arguments were not "new" in Defendants' Reply; rather, they were raised in Defendants' Motion to Dismiss and not responded to in Plaintiffs' Response. Moreover, Defendants could not possibly have argued *in their Motion to Dismiss* that Plaintiffs waived their opposition to these arguments as the Plaintiffs had not yet had the opportunity to respond. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) (where a party fails to make an argument in response to a motion to dismiss, any argument that dismissal is inappropriate on that basis is waived). As such, Plaintiffs are not entitled to file a sur-reply to address Defendants' arguments now when they had ample opportunity to do so in their twenty-page Response. *See Belcastro*, 2019 WL 1651709, at *14 (denying leave to file sur-reply in part because motion was 30 pages and response was 25 pages); *see also U.S. ex rel. Pogue v. Diabetes Treatment Centers*

*of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002) (denying leave to file sur-reply where "new" matter was existing law that counsel is presumed to know; "[a] surreply is most appropriate where the new matter introduced is factual.").

Furthermore, Defendants' arguments that Plaintiffs failed to exhaust all administrative remedies and should not be permitted to amend their complaint were raised in their Reply in direct response to Plaintiffs' Response. *See Teufel v. N. Trust Co.,* No. 14-CV-7214, 2017 WL 896562, at *2 (N.D. Ill. Mar. 6, 2017) (where plaintiff raises new issues or arguments in response to defendants' motion, defendants are entitled to respond to those arguments in their reply brief), *aff'd*, 887 F.3d 799 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 271 (2018). Plaintiffs did not attach their notices of right to sue to their Complaint, and, as such, Defendants were not on notice as to Plaintiffs' right to sue, much less as to the particular allegations underlying the charges they were permitted to sue on, until after Plaintiffs' Response was filed. *See* Defs.' Reply at 15. Likewise, Plaintiffs asked for the first time in their Response for leave to amend their complaint. *See* Pls.' Resp. at 2; Defs.' Reply at 18. Again, Defendants could not respond to that request until it was made. Thus, Defendants' arguments that the Complaint exceeded the scope of the EEOC charges and Plaintiffs should not be granted leave to amend their Complaint were appropriately presented in their Reply. "Where the arguments made by Defendants in their reply brief are merely responses to new arguments made by Plaintiffs in their response, a sur-reply is not appropriate." *EEOC v. Freeman*, 961 F.Supp.2d 783, 801 (D. Md. 2013) (internal quotations omitted).

For these reasons, Plaintiffs' Motion for Leave to File a Sur-Reply should be denied and Plaintiffs' Sur-Reply stricken.

**B. In the Alternative, Defendants Should Be Given Leave to File A Response to Plaintiffs' Sur-Reply**

Leave to file a sur-reply is appropriate where the movant has not had opportunity to thoroughly brief the issues. *See Jeffries v. Wells Fargo Bank, NA*, 2011 WL 5023396, *2 (N.D. Ill. Oct. 19, 2011). Here, Plaintiffs argue for the first time in their Sur-Reply that (1) Defendant Steward must now be held accountable in his official capacity—even though he no longer works at CSU—"for the discriminatory policies that he implemented throughout his employment with CSU"; (2) the "collective claims" of all Plaintiffs are sufficient to show a pattern and practice of discrimination despite Plaintiffs' failure to specifically identify any adverse employment practices to which Plaintiffs Kimber, Harris, and Burras were subjected; (3) Plaintiffs' claims against Defendants Steward and Maddox are reasonably related to the EEOC charges and would have grown out of the EEOC investigation; and (4) Plaintiffs were not required to name Defendants Steward and Maddox in their EEOC charges. *See generally* Pls.' Sur-Reply. Defendants also request an opportunity to respond to Plaintiffs' arguments regarding their request for leave to amend their Complaint.

With specific regard to the first two points, Plaintiffs had ample opportunity to raise these arguments in their Response, as they now use these points to counter arguments first raised in Defendants' Motion to Dismiss. If Plaintiffs had done so, Defendants would have had opportunity to respond in their Reply. Instead, Plaintiffs specifically failed to address Defendants' arguments initially, and thus waived their arguments in opposition. *See G & S Holdings*, 697 F.3d at 538. However, if this Court were to determine that Plaintiffs had not conceded these arguments, and grant Plaintiffs' leave to file a sur-reply, Defendants should be entitled to address them. Therefore, if the Court allows Plaintiffs' Sur-Reply, Defendants

respectfully request an opportunity to file their own sur-reply to address Plaintiffs' Sur-Reply in full.

## **Conclusion**

For the reasons stated herein, Defendants respectfully request that this Court deny Plaintiffs' Motion for Leave to File a Sur-Reply and strike Plaintiffs' Sur-Reply. In the alternative, Defendants request that they be granted leave to file their own sur-reply.

Dated: July 15, 2019

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ Lisa J. Parker__________

Lisa J. Parker (#6230008)
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
(312) 655-1501 (Facsimile)
lisa.parker@huschblackwell.com

John W. Borkowski (#6320147)
1251 North Eddy Street, Suite 200
South Bend, IN 46617
(574) 239-7010
(574) 287-3116 (Facsimile
john.borkowski@huschblackwell.com

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 15th day of July, 2019, a copy of the above and foregoing document was filed with the Clerk of Court using the CM/ECF system which sent electronic notification of such filing to all those individuals currently electronically registered with the Court.

/s/ Lisa J. Parker