IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIEUTENANT SHARON ROBINSON, DIRECTOR WINONA HANNAH, SERGEANT MARCELLA SAWYER, TELECOMMUNICATIONS CARLA KIMBER, SERGEANT VERONICA HARRIS and OFFICER LAWANDA BURRAS, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO STATE UNIVERSITY, CAPTAIN JAMES MADDOX, individually and in his official capacity, LIEUTENANT CHARLES STEWARD, individually and in his official capacity, <br><br> Defendants. | Case No. 19-cv-00395 <br><br> Honorable Martha M. Pacold |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), Defendants Chicago State University ("CSU"), Captain James Maddox and Lieutenant Charles Steward[1] (collectively, the "Defendants"), by and through their attorneys Husch Blackwell LLP, respectfully move to dismiss Plaintiff's First Amended Complaint with prejudice. In support of this motion, the Defendants concurrently filed a Memorandum of Law and state as follows:

1. In this case, six employees of Chicago State University allege they were discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1983 ("Section 1983") and state tort law.

---

[1] Defendant Steward, who is no longer employed at CSU, has not been served with the summons or Complaint. This motion should not be construed as acceptance of service on behalf of Defendant Steward.

2. Plaintiffs filed their five-count Complaint on January 18, 2019. Count I alleged gender discrimination in violation of Title VII against all Defendants. Count II alleged relation in violation of Title VII against all Defendants. Count III, a claim under Section § 1983, alleged conspiracy to discriminate on the basis of gender against all Defendants. Count IV, also brought under Section § 1983, alleged discrimination in violation of the Fourteenth Amendment against all Defendants. Count V alleged intentional infliction of emotional distress against all Defendants.

3. On July 30, 2019, Judge Feinerman dismissed the following: Counts I and II against Maddox and Steward (collectively, "Individual Defendants") because individuals cannot be liable in their individual capacity under Title VII and the official capacity claims were duplicative of the claim against CSU; Count I against CSU as it pertains to Plaintiffs Kimber and Burras because the Complaint failed to allege any adverse employment actions with respect to those two Plaintiffs; Count II against CSU because the Complaint failed to allege protected activity with respect to any of the Plaintiffs; Count III against all Defendants because Plaintiffs failed to respond to Defendants' argument that the intra-corporate conspiracy doctrine barred the claim; Count IV against CSU because CSU is immune under the Eleventh Amendment; and Count V against all Defendants because Plaintiffs failed to respond to Defendants' argument that the State Lawsuit Immunity Act barred the claim. *See* Dkt. 40, *see also* Memorandum, Ex. A, Status Hearing Transcript. The only remaining claims were Count I against CSU with respect to Plaintiffs Robinson, Hannah, Harris, and Sawyer, and Count IV against the Individual Defendants. However, Judge Feinerman gave Plaintiffs the opportunity to file an amended

complaint.[2] Plaintiffs' First Amended Complaint was filed on August 20, 2019. It asserts the same five claims as before, with limited amendments to the factual allegations.

4. Judge Feinerman's ruling specifically said that "when a case is dismissed on Rule 12(b)(6) grounds" the Court should "give the plaintiff a chance to replead." Tr. 3:21-23. However, where the Court lacks subject-matter jurisdiction, it must dismiss under Rule 12(b)(1). Judge Feinerman's dismissal of Counts III and IV against CSU and Count V against all Defendants was on the basis of immunity, and, in Defendants' view, Judge Feinerman's ruling was a dismissal with prejudice as the Court lacks jurisdiction over these counts.

5. Furthermore, and even if the prior dismissal was without prejudice in its entirety, Plaintiffs' First Amended Complaint must be dismissed in accordance with Federal Rules 12(b)(1), 12(b)(5), and 12(b)(6).

6. Rule 12(b)(1) requires partial dismissal of Counts III and IV, and dismissal of Count V in its entirety. Counts III and IV must be dismissed against CSU in their entirety and against the Individual Defendants in their official capacities for money damages under the Eleventh Amendment. Count V must be dismissed against all Defendants pursuant to the State Lawsuit Immunity Act and the Illinois Human Rights Act.

7. As a matter of law, Counts I and II must be dismissed against the Individual Defendants in their individual capacities under Rule 12(b)(6), as Title VII does not permit suits against individuals. Furthermore, Counts I and II should be dismissed against the Individual Defendants in their official capacities as duplicative of the claims against CSU.

8. Count III should be dismissed as matter of law under Rule 12(b)(6) against all Defendants under the intra-corporate conspiracy doctrine.

---

[2] Neither Judge Feinerman's docket entry nor the transcript of his ruling from the bench specify which claims were dismissed with prejudice and which were dismissed without prejudice.

9. All counts should be dismissed under Rule 12(b)(6). Counts I and IV should be dismissed against all Defendants for failure to plead the requisite elements of gender discrimination under Title VII and the Constitution. Count II should be dismissed against all Defendants for failure to state a retaliation claim under Title VII. Likewise, Count III fails to state a viable conspiracy claim, Count V fails to state a viable intentional infliction of emotional distress claim, and both should be dismissed against all Defendants.

10. Finally, all claims must be dismissed against Defendant Steward under Rule 12(b)(5), for lack of personal jurisdiction related to Plaintiffs' failure to effectuate timely service.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law, this Court should grant the Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint with prejudice pursuant to Rules 12(b)(1), 12(b)(5) and 12(b)(6).

Dated: September 19, 2019

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ Lisa J. Parker

Lisa J. Parker (#6230008)
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
(312) 655-1501 (Facsimile)
lisa.parker@huschblackwell.com

John W. Borkowski (#6320147)
1251 North Eddy Street, Suite 200
South Bend, IN 46617
(574) 239-7010
(574) 287-3116 (Facsimile
john.borkowski@huschblackwell.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 19th day of September, 2019, a copy of the above and foregoing document was filed with the Clerk of Court using the CM/ECF system which sent electronic notification of such filing to all those individuals currently electronically registered with the Court.

/s/ Lisa J. Parker