**Deitz v. R.R. Donnelley & Sons Co., Not Reported in F.Supp. (1996)**
70 Fair Empl.Prac.Cas. (BNA) 1421

1996 WL 109596
United States District Court,
N.D. Illinois, Eastern Division.

Carol A. DEITZ, Plaintiff,
v.
R.R. DONNELLEY & SONS COMPANY,
a Delaware corporation, Defendant.

No. 95 C 0757.
|
March 11, 1996.

*MEMORANDUM OPINION AND ORDER*

GETTLEMAN, District Judge.

**\*1** Plaintiff Carol Deitz brings this action for damages resulting from defendant R.R. Donnelley & Sons Company's alleged violation of Title VII of the Civil Rights Act of 1964. Count I of plaintiff's complaint alleges that defendant discriminated against plaintiff on the basis of plaintiff's sex because defendant allowed a hostile work environment to exist and did not take appropriate remedial measures in response to plaintiff's complaint about the conduct of a fellow employee. Count II of plaintiff's complaint alleges that defendant discriminated against plaintiff in violation of Title VII on the basis of her female sex because defendant demoted plaintiff in retaliation for her complaint to defendant about its employee's conduct toward her. Defendant has now moved for summary judgment on all claims pursuant to Fed. R. Civ. P. 56, asserting that the undisputed facts of the case establish that no retaliation or sexual harassment exists as a matter of law. For the reasons set forth in this opinion, the motion is denied.

I. BACKGROUND

Plaintiff Carol Deitz worked for defendant R.R. Donnelley & Sons Company, the world's largest commercial printer, from May 12, 1989, until her layoff on November 19, 1993. Plaintiff was initially hired as a proofreader at the Elgin plant and was promoted to the position of group leader in November 1991. In October 1992, William Shirey was transferred from Donnelley's Willowbrook plant to its Elgin plant. In April 1993, Shirey became plaintiff's immediate supervisor.

Plaintiff alleges that from April 1993 through her discharge in November 1993 she was repeatedly subjected to sexually explicit and abusive conduct by Shirey. She also claims that, during the same time period, two other female employees experienced and tolerated Shirey's sexually explicit conduct and were subsequently promoted. Plaintiff also presents testimony of other witnesses who regarded Shirey's conduct as sexually offensive. Plaintiff also alleges that in October 1993 she complained about the conduct to Donnelley's Human Resource Department. She further claims that, following this complaint, in November 1993, Shirey informed her that she had ranked low in a "paired comparison" evaluation and that she had the option of being laid off or "bumping and competing" for the lower level position of proofreader at a reduced level of pay. This new position also reported to Shirey. Plaintiff alleges that this option of termination or demotion was presented in retaliation of her oral complaint to Donnelley about Shirey's conduct.

Both plaintiff and defendant agree that a sexual harassment policy exists at Donnelley. Plaintiff, however, contends that the policy was never posted and that Donnelley never offered any training programs on sexual harassment that she could attend. Plaintiff, however, was aware that Donnelley has an "open door policy" which is intended to allow employees to raise concerns relating to supervisory conduct with management and human resources personnel without fear of reprisal. In light of this policy, plaintiff, prior to the paired comparison rating, went to Donnelley's Human Resources Director, Barry Cohen, and complained generally about Shirey's conduct, indicating that she was having "embarrassing problems" with Shirey. This was the second formal complaint of an employee against Shirey for sexually offensive conduct. Plaintiff infers that Cohen told Shirey about this complaint and that this influenced both Shirey's subsequent behavior toward her and his evaluation of her in the paired comparisons. Cohen did not report the results of any investigation to plaintiff nor was any apparent remedial action taken against Shirey at that time.

**\*2** Following plaintiff's discharge in November 1993, plaintiff contacted Diane Bielawski, Donnelley's corporate counsel, and complained to Bielawski more specifically

Case: 1:19-cv-00395 Document #: 61-1 Filed: 11/26/19 Page 2 of 5 PageID #:465

**Deitz v. R.R. Donnelley & Sons Co., Not Reported in F.Supp. (1996)**
70 Fair Empl.Prac.Cas. (BNA) 1421

of Shirey's conduct toward her and her termination, and informed Bielawski that she opted for termination because she could no longer tolerate Shirey's unwelcome sexually explicit conduct. Bielawski then conducted an investigation and concluded that Shirey's conduct was prohibited under Donnelley's sexual harassment policy and that disciplinary measures should be taken against Shirey. Barry Cohen agreed with the results of the investigation and consequently suspended Shirey for two weeks without pay and warned him that any future misconduct would result in his immediate termination. Plaintiff was not informed of the results of the investigation, and no further employment options were presented to plaintiff. On February 9, 1995, plaintiff filed this lawsuit alleging violations of her rights under Title VII. Defendant has moved for summary judgment on all claims.

## II. DISCUSSION

### SUMMARY JUDGMENT

Summary judgment is appropriate if, after giving the nonmoving party the benefit of all reasonable inference, the court concludes that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is not appropriate if there exists a genuine issue as to any material fact and if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Genuine factual issues are those that "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." The evidence must be construed in the light most favorable to the non-moving party according the non-moving party the benefit of all reasonable inferences. *Dey v. Colt Const. and Development Co.,* 28 F.3d 1446, 1453 (7th Cir. 1994).

### TITLE VII

Congress enacted Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.,* to protect employees from conduct having the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. *Saxton v. American Tel. & Tel. Co.,* 10 F.3d 526, 533 (7th Cir. 1993). A series of offensive utterances that are severe and pervasive can give rise to an objectively hostile work environment. *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 67 (1986). A pervasive pattern of jokes may be sufficient to sustain a hostile work environment claim. *Daniels v. Essex Group, Inc.,* 937 F.2d 1264, 1270 (7th Cir. 1991). Moreover, the more frequent the offensive comments, the more relevant they are to the assessment of their impact because, "a handful of comments spread over months is unlikely to have so great an emotional impact as a concentrated or incessant barrage." *Baskerville v. Culligan Int'l Co.,* 50 F.3d 428, 431 (7th Cir. 1995) citing *Dey,* 28 F.3d at 1456; *Dole v. R.R. Donnelley & Sons Company,* 42 F.3d 439, 444 and n. 3 (7th Cir. 1994).

**\*3** For plaintiff to survive defendant's Motion for Summary Judgment, she must establish that there are issues of material facts as to (1) whether Shirey's conduct amounted to sexual harassment, and (2) whether Donnelley failed to take prompt, adequate remedial measures once it learned of the alleged harassment. *Saxton,* 10 F.3d at 526; *Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1462-63 (9th Cir. 1994).

#### 1. *Sexual Harassment*

Plaintiff claims that she was subjected to sexual discrimination such that she had to endure a hostile work environment. In her response to the motion for summary judgment, plaintiff has identified complaints of sexually explicit remarks and jokes that she was subjected to by Shirey: (1) Shirey told jokes involving penises and intercourse in the confines of his office; (2) Shirey drew his initials with two dots in such a way as to suggest women's breasts; (3) Shirey repeatedly bragged about his sexual prowess in his younger years; (4) Shirey screamed "Watch Out!" when plaintiff bent over, implying that it was unsafe and intercourse from behind might result; (5) Shirey stared at women wearing tight clothing and short skirts especially focusing on their breasts; (6) Shirey stared down the top of an employee's blouse at her breasts while she was taking an aptitude test; (7) Shirey repeatedly made degrading comments about women in general, including remarking that the Elgin facility remained

**Deitz v. R.R. Donnelley & Sons Co., Not Reported in F.Supp. (1996)**
70 Fair Empl.Prac.Cas. (BNA) 1421

open because all housewives, such as plaintiff, who lived in the suburbs were cheap expendable labor, that certain female supervisors were promoted as a token gesture and that all women employees were lazy. Plaintiff also complains that when she would attempt to leave Shirey's office during one of these uncomfortable monologues, Shirey would tell her to sit down, and plaintiff complied for fear of losing her job.

To determine whether plaintiff's environment is hostile, the court considers a variety of factors, including: (**1**) **frequency of** the **discriminatory conduct**; (**2**) **its severity**; (**3**) **whether it is physically threatening or humiliating**, **or merely offensive utterances**; **and** (**4**) **whether it unreasonably interferes with an employee's work performance**. *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 114 S. Ct. 367, 370 (1993). These factors are evaluated from both a subjective and an objective viewpoint. The court considers not only the effect that the discriminatory conduct actually had on plaintiff, but also the impact that it likely would have on a reasonable employee in plaintiff's position. *Id. at 370.*

For sexual harassment to be actionable, it must be sufficiently severe or pervasive "to alter the conditions of employment and create an abusive working environment." *Id.* Conduct that is severe or pervasive enough to create an objectively hostile or abusive environment--an environment that a reasonable person would find hostile or abusive--is within Title VII's purview. Likewise, if the victim reasonably perceives the environment to be abusive, Title VII is violated because the conduct has actually altered the conditions of the victim's employment. *Id.*

*Subjective Viewpoint*

**\*4** Defendant asserts that, although Shirey's conduct was "boorish, sophomoric, and in execrable taste", it does not rise to the level of a hostile environment. Defendant concedes that Shirey's conduct may have "offended" plaintiff, but implies that plaintiff could not have subjectively viewed her work environment to be hostile and abusive as a result.

Viewing the evidence in the light most favorable to the plaintiff, a reasonable jury could conclude that she subjectively viewed the Donnelley environment as be hostile and abusive. Plaintiff has been able to identify a barrage of offensive confrontations over a six-month period that could arguably be deemed sexual harassment. Although she was not subjected to any physical threats, she was forced to endure humiliating treatment that could reasonably be regarded as creating a discriminatory work environment.

A review of both plaintiff's and her husband's depositions reveals that plaintiff suffered emotional trauma as a result of this work environment. The effect on the employee's psychological well-being is relevant in determining whether the plaintiff actually found the environment abusive. *Harris,* 510 U.S. 17, 114 S.Ct. at 371. Plaintiff suffered from extended periods of depression, isolation from her husband and children, withdrawal from friends, and an increase in stress-induced behaviors. She was forced to seek and continues to receive psychiatric care for the effects that the situation has had upon her.

Moreover, plaintiff has testified that Shirey's conduct and particularly his excessive use of her work time to satisfy his personal need for conversation of a sexual nature affected her ability to continue to perform her job responsibilities at the same level as prior to his supervision. Although plaintiff's previous performance evaluations stipulated areas of improvement to which plaintiff agreed, all of the evaluations were rated satisfactory or above average. Following the months of working under Shirey's supervision, plaintiff was ranked low in the paired comparison evaluations. Moreover, plaintiff contends that she initially complained of the problem with Shirey prior to this last evaluation. Accordingly, the court concludes that plaintiff may be able to meet the subjective prong of a hostile work environment claim. Therefore, an issue of material fact exists as to whether a hostile work environment under Title VII has been established.

*Objective Viewpoint*
Defendant asserts that, viewed objectively and in the light most favorable to plaintiff, Shirey's jokes, staring and derogatory comments about women in general do not rise to the level of a hostile work environment. In support of this contention, defendant cites all cases that involved harassing conduct that rose to the level of physical contact, implying that only this level of conduct is reached by Title VII.

**Deitz v. R.R. Donnelley & Sons Co., Not Reported in F.Supp. (1996)**
70 Fair Empl.Prac.Cas. (BNA) 1421

Defendant further alleges that derogatory remarks and looks do not create a hostile environment prohibited by Title VII.

**\*5** Indeed, it is plain that an offensive utterance would not, by itself, give rise to a Title VII claim because it would not sufficiently affect the terms and conditions of the plaintiff's employment. *Harris,* 510 U.S. 17, 114 S. Ct at 370; *see also Meritor,* 477 U.S. at 67. Yet a series of such statements, if sufficiently severe and pervasive, could give rise to an objectively hostile work environment under the *Meritor* standard. *See,* e.g., *Steiner,* 25 F.3d at 1463; *Nash v. Electrospace Sys., Inc.,* 9 F.3d 401, 403 (5th Cir. 1993); *Daniels,* 937 F.2d at 1270 (pervasive pattern of racial jokes sufficient to sustain a hostile environment claim.)

Plaintiff argues, and the court agrees, that Shirey's series of sexually explicit jokes, comments, staring, and abusive use of plaintiff's time establishes a genuine issue of material fact as to whether a reasonable person would have considered his conduct to create a hostile work environment. Moreover, in addition to the direct comments made to plaintiff, plaintiff provides evidence that one of her employees also perceived the work environment created by Shirey as abusive and hostile. In addition, two other employees who previously worked with or for Shirey also assert in their depositions that Shirey's jokes, innuendos and general behavior created an objectively hostile environment.

Defendant asserts that plaintiff cannot establish a hostile environment under Title VII because she cannot recall *specific* details of the jokes and other sexual comments to which she was subjected. Although plaintiff's case would be stronger if she could recall more detail about the specific comments made by Shirey, what she and other employees do recall can support a charge that a hostile work environment existed. The credibility of that charge can be assessed only by the factfinder upon hearing plaintiff's testimony along with the other evidence. Accordingly, defendant is not entitled to summary judgment.

2. *Donnelley's Remedial Measures*

Defendant asserts that no genuine issue of material fact exists as to the remedial action it took in response to Deitz's complaint of sexual harassment against Shirey. It is undisputed that following Deitz's complaint to Bielawski, an investigation ensued and Shirey was found to have violated Donnelley's sexual harassment policy. Shirey was then orally reprimanded and suspended for two weeks.

Plaintiff argues that this action is not reasonable in light of the allegations. An employer may be held liable for its negligence if it fails to take "reasonable steps to discover and rectify the acts of sexual harassment." *Baskerville,* 50 F.3d at 432. Reasonable steps of corrective action include (1) investigation of the allegations, (2) information to the employee of the outcome of the investigation, and (3) offer to transfer either the employee or supervisor to another department. *Saxton v. AT&T,* 10 F.3d at 535-536.

Plaintiff and defendant agree that, although Donnelley investigated the alleged sexual harassment, plaintiff was never informed of the outcome of the investigation nor was she offered reinstatement in a different department. Given that plaintiff's allegations were confirmed by the investigation, the absence of these further remedial measures presents a genuine issue of material fact as to whether Donnelley took reasonable corrective action. Accordingly, defendant is not entitled to summary judgment on plaintiff's Title VII claim.

*RETALIATORY DISCHARGE*

**\*6** Defendant asserts that plaintiff cannot prove her retaliation charge because she cannot show a causal link between any protected expression and the alleged retaliatory actions. It supports this assertion by arguing that plaintiff's "generalized" complaint to Barry Cohen does not amount to statutorily protected expression, and that plaintiff cannot prove a link between this complaint and Donnelley's adverse action.

It is unlawful for an employer to discriminate against any employee for opposing any practice made unlawful by Title VII. 42 U.S.C. § 2000(e)- 3(a). To establish a prima facie case of retaliatory discharge plaintiff must prove: (1) she was engaged in statutorily protected expression; (2) an adverse employment action; and (3) a causal link between the protected expression and the adverse action. *Dey,* 28 F.3d at 1457. If plaintiff establishes a prima facie case,

Case: 1:19-cv-00395 Document #: 61-1 Filed: 11/26/19 Page 5 of 5 PageID #:468

**Deitz v. R.R. Donnelley & Sons Co., Not Reported in F.Supp. (1996)**
70 Fair Empl.Prac.Cas. (BNA) 1421

the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for its action. *Id.* Once defendant articulates such a reason, the burden shifts back to plaintiff to establish that defendant's proffered reasons are pretextual. *Id.*

The option of demotion or termination that plaintiff was presented with is clearly an adverse action. Defendant argues, however, that plaintiff cannot establish that she engaged in any protected expression under Title VII because her complaint to Bielawski was made seven to ten days after the paired comparison results were issued and that the adverse employment event preceded rather than followed the complaint. Under, *Dey,* an employee may be found to have engaged in protected expression even when the challenged conduct does not actually violate Title VII. The employee must have a reasonable belief, however, that the challenged conduct violates the Act. *Id.* at 1457-58.

Defendant does not address whether plaintiff could have *reasonably believed* that the conduct of which she complained violates the Act. Plaintiff contends that she complained, albeit in a more general manner, of Shirey's conduct to Barry Cohen prior to the paired comparison ratings. Plaintiff infers, from her belief that Cohen violated the company's open door policy in the past by inappropriately discussing confidential information, that Cohen discussed her complaints with Shirey prior to the evaluations. She further substantiates this claim by her perception that Shirey treated her "coldly" following her conversation with Cohen. Shirey was then involved, along with other supervisors, in the paired comparison evaluations. Moreover, plaintiff contends, and the record supports, that Shirey may have had the opportunity to discuss plaintiff with the other supervisors involved in the evaluation process. This indicates that plaintiff could reasonably have believed that she was engaging in protected expression. Accordingly, the court does not agree that plaintiff cannot establish a *prima facie* case of retaliation.

Defendant alleges that, even if plaintiff can make out a *prima facie* case of retaliation, it has articulated a legitimate business reason for its action against her, and that plaintiff offers no material facts to suggest pretext. It is undisputed that sixteen managers and supervisors, including Shirey, participated in the paired comparison ratings and that plaintiff was rated low. The court, however, disagrees that plaintiff has not made any showing that her subsequent discharge may have been pretextual. The question before the court is not whether discharge based upon a poor evaluation is sound business judgment. The question, rather, is whether plaintiff was discriminated against because of her sex, and whether she was discharged because of her complaints. Plaintiff has raised a genuine issue of material fact in her contention that Shirey may have known about her complaint against him prior to the evaluation process. Accordingly, although plaintiff's case on this point does not appear to be strong, the facts are sufficiently in dispute to compel denial of defendant's motion for summary judgment on plaintiff's claim of retaliation.

### III. *CONCLUSION*

**\*7** For the reasons set forth above, defendant's motion for summary judgment is denied.

**All Citations**

Not Reported in F.Supp., 1996 WL 109596, 70 Fair Empl.Prac.Cas. (BNA) 1421

---

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.