**Mehringer v. Village of Bloomingdale, Not Reported in F.Supp.2d (2002)**
2002 WL 1888364

2002 WL 1888364
Only the Westlaw citation is currently available.
United States District Court,
N.D. Illinois, Eastern Division.

Sherry MEHRINGER, Plaintiff,
v.
VILLAGE OF BLOOMINGDALE Defendant.

No. 00 C 7095.
|
Aug. 14, 2002.

**Synopsis**
Former employee filed action against former employer pursuant to Title VII alleging hostile environment sexual harassment, sexual discrimination, retaliation, and breach of contract under state law. Former employer filed motion to dismiss. The District Court, Manning, J., held that: (1) former employee sufficiently alleged prima facie case of Title VII sexual discrimination; (2) former employee's Equal Employment Opportunity Commission (EEOC) complaint sufficiently alleged Title VII sexual discrimination; (3) even if former employee did not specifically allege Title VII sex discrimination in the EEOC charge, claim fell within scope of EEOC charge; and (4) former employee alleged sufficient facts to establish retaliation claim against former employer.

Motion to dismiss denied.

West Headnotes (5)

[1]     **Civil Rights**
        Pleading

        Former employee's complaint, though somewhat vague, sufficiently alleged prima facie case of Title VII sexual discrimination against her former employer; former employee alleged that she "was treated differently than her male counterparts" and was "subjected to disparate treatment from managers, supervisors, agents, and/or employees than male employee at issue."

        Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2000e et seq.

[2]     **Civil Rights**
        Scope of Administrative Proceedings; Like or Related Claims

        Former employee's Equal Employment Opportunity Commission (EEOC) complaint sufficiently alleged Title VII sexual discrimination; by alleging that she was female, performed her job satisfactorily, was constructively discharged, and was treated differently than a similarly situated employee, her charge sufficiently alleged four elements of the *McDonnell Douglas* test. Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2000e et seq.

        1 Cases that cite this headnote

[3]     **Civil Rights**
        Scope of Administrative Proceedings; Like or Related Claims

        Even if former employee did not specifically allege Title VII sex discrimination in the Equal Employment Opportunity Commission (EEOC) charge, claim fell within scope of EEOC charge; in her EEOC charge, former employee marked boxes for sex discrimination, retaliation, and sexual harassment and included descriptions, like "treating me differently," and former employee's allegations in her EEOC charge and complaint had factual relationship in that they both involved same individuals and conduct, namely harassment by male employee followed by retaliation and disparate treatment by male employee. Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2000e et seq.

        1 Cases that cite this headnote

[4]     **Civil Rights**

2002 WL 1888364

 Discrimination in General

Because discrimination and retaliation are two distinct wrongs, a plaintiff is permitted to pursue both claims.

1 Cases that cite this headnote

**[5]** Civil Rights
 Pleading

Former employee alleged sufficient facts to establish a discrimination and retaliation claim against former employer under Title VII, and thus her disparate treatment claim was not a simple "regurgitation" of her retaliation claim. Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2000e et seq.; Fed.Rules Civ.Proc.Rule 8(a), 28 U.S.C.A.

*MEMORANDUM AND ORDER*

MANNING, J.

 ***1** Plaintiff Sherry Mehringer brought this action against Defendant Village of Bloomingdale ("Bloomingdale") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. (Counts I and II), alleging hostile environment sexual harassment and retaliation, and breach of contract under state law (Count III). On October 3, 2001, after this Court dismissed Count III, Mehringer amended her complaint adding Count IV in which she alleged sexual discrimination, specifically disparate treatment, in violation of Title VII. The instant matter comes before this Court on Bloomingdale's Motion to Dismiss Count IV of Mehringer's Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons that follow, the Motion to Dismiss Count IV is DENIED.

BACKGROUND[1]

During Mehringer's employment with Bloomingdale, a male co-employee allegedly subjected her to unwelcome and frequent sexual advances, offensive conduct, and inappropriate gestures and comments. This conduct allegedly interfered with Mehringer's work performance and seriously affected her physical and psychological well-being. After complaining to Bloomingdale about the alleged harassment, Mehringer was allegedly subjected to disparate treatment from managers, supervisors, agents, and/or employees of Bloomingdale. She allegedly received a negative annual review due to her complaints, while the alleged male harasser was not adversely affected, and in fact was given a promotion and pay increase. Mehringer left her position on March 10, 2000, allegedly because she was unable to endure the male employee's continuing harassment, and because Bloomingdale had not responded to her repeated complaints.

On September 18, 2001, this Court denied Bloomingdale's Motion to Dismiss Counts I and II, but granted the Motion as to Count III. Mehringer then amended her complaint adding a charge of sexual harassment (Count IV) based on the alleged disparate treatment to which she was subjected after complaining of the alleged harassment. In response, Bloomingdale has filed the instant Motion to Dismiss Count IV.

STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all well-pled allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Antonelli v. Sheehan,* 81 F.3d 1422, 1427 (7th Cir.1996). Dismissal is only appropriate when it appears beyond doubt that no relief could be granted under any set of facts proven consistent with the allegations. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss does not test whether the plaintiff will prevail on the merits, but instead on whether she has properly stated a claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). However, the complaint must state either direct or inferential allegations concerning all material elements necessary to recover under the chosen legal theory. *Glatt v. Chicago Park Dist.,* 847 F.Supp. 101, 103 (N.D.Ill.1994).

**Mehringer v. Village of Bloomingdale, Not Reported in F.Supp.2d (2002)**
2002 WL 1888364

## ANALYSIS

**\*2** Bloomingdale contends that this Court should dismiss Count IV because: (I) Mehringer has failed to sufficiently allege a prima facie case of sexual discrimination; (II) Mehringer's claim fails to fall within the scope of her EEOC complaint; and (III) Count IV is duplicative of Count II. The Court will address each of these contentions in turn.

I. Prima Facie Case of Sexual Discrimination
Title VII makes it unlawful to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may directly or indirectly establish a discrimination claim. *Oest v. Illinois Dept. of Corrections,* 240 F.3d 605, 611 (7th Cir.2001). Under the indirect method articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a plaintiff must show: (1) she belongs to a protected class; (2) she performed her job in a satisfactory manner; (3) she was subjected to an adverse employment action; and (4) similarly situated employees were treated more favorably. *Id.; See also Russell v. Bd. of Trs. of the Univ. of Illinois,* 243 F.3d 336, 341 (7th Cir.2001). Once she has done so, the burden shifts to the defendant to put forth a legitimate, non-discriminatory reason for the challenged action. *Russell,* 243 F.3d at 341. If the defendant meets this burden, the burden then shifts back to the plaintiff to show that the articulated reason is pretextual. *Id.*

Here, Bloomingdale does not challenge the sufficiency of the first three prongs, but contends that Mehringer has failed to properly allege that the male employee, about whom Mehringer complained and who was promoted and given a pay raise, is a similarly situated employee. To be "similarly situated", the employees do not need to be completely identical, but must be "substantially similar" and hold the same or equivalent positions. *Radue v. Kimberly-Clark Corp.,* 219 F.3d 612, 618 (7th Cir.2000).

**[1]** In the case at bar, Mehringer alleges that she "was treated differently than her male counterparts" and was "subjected to disparate treatment from managers, supervisors, agents, and/or employees ... than the male employee at issue. (Pl's Am. Compl. ¶ 16, 42). While these statements are somewhat vague and do not specifically allege how she is similarly situated to the male employee, Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement of the claim," that gives the defendant "fair notice" of the nature of the claim. Consequently, because the Court must consider all of Mehringer's allegations as true and make all reasonable inferences in her favor, *Pickrel v. City of Springfield,* 45 F.3d 1115, 1118 (7th Cir.1995), this Court finds that Mehringer has fulfilled her burden by identifying the male employee at issue and alleging that her "male counterparts" were treated differently. *See Russell,* 243 F.3d at 342 (finding sufficient evidence for prima facie case of sexual discrimination when female plaintiff identified one other similarly situated male employee, who was treated differently after making similar time sheet error as plaintiff). Therefore, this Court finds that Mehringer has sufficiently pled a prima facie case of Title VII sexual discrimination.

II. Scope of the EEOC Complaint
**\*3** Bloomingdale also contends that the sex discrimination allegations in Count IV fall outside the scope of Mehringer's Equal Employment Opportunity Commission ("EEOC") complaint. As a general rule, a plaintiff may only include claims in her judicial complaint that were included in the EEOC complaint. *Cheek v. W. and S. Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir.1994). This rule serves the dual purpose of allowing the EEOC and the employer an opportunity to settle the dispute and to give the employer warning of the conduct about which the employee is aggrieved. *Id.* The rule is not jurisdictional, *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 392, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), and must be raised by the defendant as an affirmative defense. *Cheek,* 31 F.3d at 500.

Mehringer contends that Bloomingdale waived this defense by answering the allegations in the Original Complaint and failing to bring a motion to dismiss alleging failure to exhaust administrative remedies. However, as Bloomingdale correctly points out in its Reply Brief, the Original Complaint

2002 WL 1888364

did not allege a claim of disparate treatment, but only hostile environment sexual harassment and retaliation. The Amended Complaint was the first opportunity Bloomingdale had to respond to the disparate treatment charge, and thus it did not waive its affirmative defense of failure to exhaust administrative remedies. Cf. *Pafford v. Herman,* 148 F.3d 658, 670 (7th Cir.1998) (finding that defendant waived its affirmative defense after plaintiff alleged retaliation in original, first, second, and third amended complaint and defendant never once raised issue of exhaustion).

For a claim to fall within the scope of an EEOC charge and be allowed in a Title VII complaint, the claim must be "like or reasonably related" to the allegations in the EEOC charge or reasonably be expected to grow out of an EEOC investigation. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir.1976). The charge and the complaint "must, at minimum, describe the *same conduct* and implicate the *same individuals.*" *Cheek,* 31 F.3d at 501 (emphasis in original). Because EEOC charges are completed by laypersons and not lawyers, plaintiffs are given significant leeway and are not required to allege each and every fact that forms the basis of their claims. *Id.* at 500. Title VII should be broadly construed to further its remedial purpose of "protecting those who cannot protect themselves ." *Jenkins,* 538 F.2d at 168.

[2] In the present case, looking at Mehringer's EEOC charge and drawing all reasonable inferences in her favor, as is required, the Court finds that her charge appears to include a charge of sex discrimination.[2] By alleging that she is female (a protected class), performed her job satisfactorily, was constructively discharged, *Vitug v. Multistate Tax Comm'n,* 88 F.3d 506, 517 (7th Cir.1996) (stating that constructive discharge is adverse employment action and creates a cognizable Title VII claim), and was treated differently than a similarly situated employee, her charge sufficiently alleges the four elements of the *McDonnell Douglas* test.

*4 [3] Moreover, even if sex discrimination is not specifically stated in the EEOC charge, the claim falls within the scope of the EEOC charge. In her EEOC charge, Mehringer marked the boxes for sex discrimination, retaliation, and sexual harassment and included descriptions, like "treating me differently," that allude to sexual discrimination. While simply checking the box for sexual discrimination will not then allow all types of sexual discrimination charges in a federal complaint, Cf. *Vela v. Vill. of Sauk Vill.,* 218 F.3d 661, 664 (7th Cir.2000) (stating that simply checking sex discrimination box did not allow sexual harassment claim because EEOC charge only complained of disparate treatment, a wholly diverse claim from harassment); *Auston v. Schubnell,* 116 F.3d 251, 254 (7th Cir.1997) (finding retaliation claim not within scope of EEOC charge because retaliation box not marked and no mention of retaliation made in factual statement), Mehringer's allegations in her EEOC charge and complaint do have a factual relationship in that they both involve the same individuals and conduct, namely the harassment by the male employee followed by retaliation and disparate treatment by Bloomingdale. Cf. *Cheek v. Peabody Coal Co.,* 97 F.3d 200, 202-03 (7th Cir.1996) (finding that harassment claim and disparate treatment claim in regards to job training and placement were both unrelated to EEOC charge challenging only disparate treatment in regards to medical leave policy); *Cheek,* 31 F.3d at 501 (finding that complaints of sex discrimination in regards to transfer did not relate to EEOC complaints of sex discrimination alleging intimidation and forced payments to clients because of lack of factual relationship).

It would also be reasonable to believe that an EEOC investigation into the harassment and retaliation charges would grow into an investigation into disparate treatment. *Jenkins,* 538 F.2d at 169 (finding statement about being "leader of the girls" in EEOC charge sufficient to allow sexual discrimination claims to fall within the scope of the charge even though only race box marked on charge because EEOC investigation would have uncovered sexual discrimination). It is true that this second prong is hard to apply and requires speculation, *Cheek,* 31 F.3d at 500, but this Court is required to make all reasonable inferences in favor of Mehringer. By allowing Mehringer's claim for disparate treatment to go forward, the Court would be furthering the broad, remedial purposes of Title VII, while still affording Bloomingdale proper notice of her claims and allowing potential settlement between the EEOC and Bloomingdale. Therefore, this Court finds that Mehringer's

**Mehringer v. Village of Bloomingdale, Not Reported in F.Supp.2d (2002)**
2002 WL 1888364

sexual discrimination claim falls within the scope of her EEOC charge.

### III. Redundancy of Disparate Treatment Claim

[4] [5] Bloomingdale further contends that Count IV should be dismissed because the allegations set forth therein are redundant to those made in Count II. Retaliation and discrimination are distinct wrongs and involve different questions of intent. *See, e.g.,* Nair v. Bank of Am. Illinois, 991 F.Supp. 940, 953-55 (N.D.Ill.1997). Retaliation is action taken to lash out at an employee for engaging in a protected activity while discrimination shows a general animosity for a particular race. Id. at 954. Title VII also distinguishes between the two wrongs. 42 U.S.C. § 2000e-2 (defining sex discrimination); 42 U.S.C. § 2000 e-3 (defining unlawful retaliation). Therefore, because discrimination and retaliation are two distinct wrongs, a plaintiff is permitted to pursue both claims. *See* Spearman v. Ford Motor Co., 231 F.3d 1080, 1086 (7th Cir.2000) (stating that Title VII not only protects people from discrimination and harassment, but also from retaliation for complaining about discrimination). Consequently, given the liberal pleading requirements of Rule 8(a) and the requirement to construe pleadings to achieve substantial justice, this Court finds that it is possible that there are sufficient facts to establish a discrimination and retaliation claim, and therefore, Count IV is not a simple "regurgitation" of Count II.

### CONCLUSION

*5 For the foregoing reasons, Defendant's Bloomingdale's Motion to Dismiss Count IV [28-1] is DENIED. It is so ordered.

**All Citations**

Not Reported in F.Supp.2d, 2002 WL 1888364

---

Footnotes

1   The facts set forth in this background section are taken from Mehringer's Amended Complaint and only relate to the instant motion. The complete background facts are set forth in this Court's Memorandum and Order dated September 18, 2001, and will not be restated here.

2   Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claims. Venture Assocs. Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir.1993).

---

**End of Document**    © 2019 Thomson Reuters. No claim to original U.S. Government Works.