IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIEUTENANT SHARON ROBINSON, DIRECTOR WINONA HANNAH, SERGEANT MARCELLA SAWYER, TELECOMMUNICATIONS CARLA KIMBER, SERGEANT VERONICA HARRIS and OFFICER LAWANDA BURRAS, ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) ) ) | Case No. 19-cv-00395<br><br>Honorable Martha Pacold<br>Honorable Magistrate Judge Harjani |
| v. ) ) | |
| CHICAGO STATE UNIVERSITY, CAPTAIN JAMES MADDOX, individually and in his official capacity, and LIETUENANT CHARLES STEWARD, individually and in his official capacity, ) ) ) ) ) ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO STAY DISCOVERY FOR 30 DAYS**

Defendants Chicago State University, Captain James Maddox, and Lieutenant Steward (collectively "Defendants"), by and through their attorneys Husch Blackwell LLP, respectfully hereby move for a thirty (30) day stay of discovery to allow for resolution of critical issues raised by Defendants' Motion for Clarification before undertaking the burden and expense of discovery. In support of their Motion, the Defendants state as follows:

1. On February 22, 2022, Defendants filed a Motion for Clarification of the Honorable Martha M. Pacold's ruling on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. *See* Dkt. 96. This motion seeks clarification of Judge Pacold's ruling that granted in part and denied in part Defendants' Motion to Dismiss. *Id.,* see also Dkt. 88. Clarification is critical for Defendants to understand the scope of Plaintiffs' claims that remain in

the litigation for purposes of answering the First Amended Complaint and for the parties to engage in cost-effective discovery. *See* Dkt. 96.

2. On February 23, 2022, Judge Pacold granted Defendants' Motion for Clarification with respect to the request to stay the deadline for Defendants to file their Answer until the Motion for Clarification is resolved. *See* Dkt. 98.

3. Judge Pacold also granted a continuance with respect to the Motion itself, and Plaintiffs now have until March 3, 2022, to file a response to the Motion for Clarification. *Id.* Defendants then have until March 9, 2022 to file any reply. *Id.*

4. Additionally, Judge Pacold denied without prejudice Defendants' request to stay discovery as this case was referred to the Honorable Magistrate Judge Harjani for discovery and settlement and this referral remains in place. *Id.* Judge Pacold directed the parties to present any request to stay discovery to Judge Harjani. *Id.*

5. Judge Harjani has ordered the parties to issue all written discovery requests by February 28, 2022. Defendants' motion seeks that this deadline be stayed for 30 days which is March 30, 2022 to provide time for Judge Pacold to rule on Defendants' Motion for Clarification.

6. Pursuant to Federal Rule of Civil Procedure 26(c), discovery may be stayed to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

7. When evaluating a motion to stay proceedings, courts consider whether a stay will (1) "simplify the issues in question and streamline the trial"; (2) "reduce the burden of litigation on the parties and on the court"; and (3) "unduly prejudice or tactically disadvantage the non-

moving party." *Berkeley*IEOR v. Teradata Operations, Inc.*, 2019 WL 1077124, at *5 (N.D. Ill. 2019).

8. A stay of discovery is required in this case to ensure discovery is conducted only as to claims and allegations that remain in the litigation following the ruling on Defendants' Motion to Dismiss and to avoid conducting burdensome and costly discovery for claims that are no longer a part of this litigation. *See Davis v. Merit Sys. Prot. Bd.*, 2020 WL 6565224, at *10-11 (N.D. Ill. 2020) (denying motion to vacate stay of discovery).

9. Because Judge Pacold's forthcoming ruling on the Motion for Clarification could significantly clarify the scope of the claims in this lawsuit, it will simplify the issues in question and streamline the legal claims before the Court. Consequently, the Court's decision on the Motion for Clarification and any future filings by the parties related thereto is needed to determine the appropriate scope of discovery.

10. On February 23-24, 2022, Defendants' counsel met and conferred with Plaintiffs' counsel about this discovery motion via telephone and email, in accordance with Local Rule 37.2.

11. Plaintiffs' counsel indicated that a 15-day stay of discovery is acceptable to Plaintiffs, but not the 30-day stay proposed by Defendants. The stay proposed by Defendants would stay discovery until March 30, 2022.

12. Despite Plaintiffs' objection to a 30-day stay, a stay would not unduly prejudice or tactically disadvantage the Plaintiffs. This is evidenced by the parties' agreed upon proposed discovery schedule, which was included with a Joint Motion for Clarification submitted to Judge Harjani on February 2, 2022. *See* Dkt. 94. Under this schedule, the parties jointly agreed the deadline to issue written discovery should be May 29, 2022, which is 60 days *later* than the

deadline to issue written discovery that Defendants propose in this motion. *See* Dkt. 94-1 at 3. As such, even with a 30-day stay, written discovery is to occur substantially sooner than on the date the parties had previously agreed.

    For the foregoing reasons, Defendants respectfully request that the Court issue an order staying discovery in this case for thirty (30) days, pending the resolution of Defendants' Motion for Clarification.

DATE: February 24, 2022	Respectfully submitted,

/s/ Lisa Parker
Lisa J. Parker (#6230008)
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
(312) 655-1501 (Facsimile)
lisa.parker@huschblackwell.com

John W. Borkowski (#6320147)
1251 North Eddy Street, Suite 200
South Bend, IN 46617
(574) 239-7010
(574) 287-3116 (Facsimile)
john.borkowski@huschblackwell.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on the 24th day of February 2022, a copy of the above and foregoing document was filed with the Clerk of Court using the CM/ECF system which sent electronic notification of such filing to all those individuals currently electronically registered with the Court.

                                                         /s/ Lisa Parker
                                                         Lisa J. Parker

Case: 1:19-cv-00395 Document #: 99 Filed: 02/24/22 Page 5 of 5 PageID #:690